save and keep harmless the plaintiff therefrom. This he did not do, and the plaintiff was compelled to pay, and did pay, a debt of $650.50 owed by the said firm to Lynch Bros., and he brings this action to recover the amount which he was thus compelled to pay. The defense relied upon was that the defendant was induced to, and did, enter into the contract to assume the debts of the firm by the representations made to him by the plaintiff that the firm was not indebted to Lynch Bros.; that he relied upon that representation, and believed it to be true, but that it was false and fraudulent, and known by the plaintiff to be so; and that it was made to him with the intent to deceive, and to induce him to enter into the contract. As he put his defense upon the ground that he was induced to enter into this contract by the fraudulent representations of the plaintiff, he was bound to establish that the plaintiff made the representations with intent to deceive, and that he relied upon their truth, and was thereby induced to make the agreement. Lefler v. Field, 52 N. Y. 621; Taylor v. Guest, 58 N. Y. 262. This he did not even attempt to do, and therefore his entire defense failed, and the verdict was properly ordered against him.

The judgment should therefore be affirmed, with costs. All concur.

---

### HUTKOFF v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term. March 9, 1900.)

CARRIERS—LIABILITY—DAMAGED GOODS.

> Where there was sufficient evidence to warrant a finding that glass shipped over defendant's road was delivered in good condition on the car, and it was conceded that, if such was the fact, defendant was liable for its delivery at its destination in a broken condition, a verdict assessing damages will be sustained.

Appeal from city court of New York, general term.

Action by Nathan Hutkoff against the Pennsylvania Railroad Company. From a judgment in favor of plaintiff (61 N. Y. Supp. 254), defendant appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Robinson, Biddle & Ward, for appellant.
Nathan, Leventritt & Perham, for respondent.

PER CURIAM. The evidence of the witness Sammeck warrants a conclusion that the glass was in good condition when it was delivered upon the car. As the defendant's counsel upon the argument conceded that, if this conclusion was warranted, the judgment must be affirmed, it is affirmed, with costs.